# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SNOOKY RILEY[1], and
JENNIFER DILALLO,

      Plaintiffs,

vs.                                                                                                                     No. 1:20-cv-00983-KWR-SCY

MARY SPANGLER, JASON BACA
CHRISTY VIGIL, DENISE GONZALES,
VICTOR ALDAZ, VINCENT VIGIL,
LEON MARTINEZ, JOHN GAY,
ALISHA TAFOYA LUCERO,
*In their individual capacities,*
STATE OF NEW MEXICO,
NEW MEXICO CORRECTIONS DEPARTMENT, and
WESTERN NEW MEXICO CORRECTIONAL FACILITY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon the Defendants'[2] Motion to Dismiss **(Doc. 54)** for failure to state a claim. Having considered the arguments of counsel, the Court finds that Defendants' motion to dismiss is **WELL-TAKEN** in part, therefore the Motion is **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

Plaintiffs are imprisoned at the Western New Mexico Correctional Facility. They allege that Defendant Spangler subjected them to illegal strip and body cavity searches in violation of the

---

[1] Plaintiff Riley was convicted under the name Anne Apodaca. The parties refer to her as Ms. Riley, and the Court will do the same.

[2] This motion was brought by all defendants except Mary Spangler. **Doc. 54 at 1.** This opinion does not address any claims brought against Defendant Spangler.

Fourth Amendment. Plaintiffs filed grievances with the Defendants regarding the strip searches. Defendants allegedly denied the grievances without any individualized or specific inquiry into Plaintiffs' allegations. Defendants instead pursued disciplinary proceedings against Plaintiffs for filing false grievances in bad faith. Plaintiffs were disciplined and suffered adverse consequences, including lost good time credits.

Plaintiffs allege that Defendants retaliated against them for reporting the alleged illegal strip search by filing or pursuing disciplinary charges, in violation of their First Amendment, Fourteenth Amendment, and state law rights. Defendants, aside from Defendant Spangler move to dismiss all claims against them, asserting that Plaintiffs failed to state a claim or alternatively that they are protected by qualified immunity. The Court will dismiss some, but not all, claims and parties.

I.     **Plaintiffs' allegations.**

The Court takes the following well-pled allegations as true.

Plaintiffs allege that Defendant Spangler conducted strip searches before and after their visitation time. Plaintiffs allege that these strip searches were "more invasive and humiliating than the strip searches to which Plaintiffs had previously been subjected." **Doc. 1-1 at 4.**

Plaintiffs allege they filed good-faith grievances regarding the strip searches. *Id.* Officer Dorman was assigned to investigate the allegations. He submitted a draft report, in which he concluded that Plaintiffs' allegations of inappropriate strip searches were unfounded. *Id.* at 5. Under the Prison Rape elimination Act, "unfounded" means that the incident was investigated and determined never to have occurred, whereas "unsubstantiated" means that the was insufficient evidence to determine whether the incident occurred. 28 CFR § 115.5; **Doc. 1-1 at 5.**

Officer Dorman's determination that Plaintiffs' allegations were unfounded conflicted with the OPS report, which merely stated that insufficient evidence existed to conclude that the defendants violated the PREA or code of ethics. *Id.* **at 6.**

Defendants charged Plaintiffs with a Category A major offense of "making a false PREA complaint/statement." **Doc. 1-1 at 6;** NMCD policy CD-090101. Defendant Aldaz initiated disciplinary action by filing Inmate Misconduct Reports against both Plaintiffs. *Id.* The misconduct reports stated that Plaintiffs' allegations were unfounded and that "insufficient evidence existed" that PREA was violated. *Id.* **at 6.** Plaintiffs were disciplined with the deprivation of the maximum allowable amount of good time credits and the loss of privileges. Plaintiffs also lost the status of having "clear conduct", resulting in other deprivations. *Id.* **at 6.**

## II.     Plaintiffs' complaint.

Plaintiff Riley asserts the following claims:

>   Count I: Fourth Amendment Violation (against Defendant Spangler);
>
>   Count II: Retaliation in Violation of the First Amendment (against Defendants Aldaz, Baca, C. Vigil, Gonzales, Martinez, and Tafoya Lucero);
>
>   Count III: Fourteenth Amendment Due Process violation (against Defendants Aldaz, Gonzales, Baca, Martinez, Gay, and Tafoya Lucero);
>
>   Count IV: Civil Rights Violation – Cruel and Unusual Punishment (Against Defendant Spangler); and
>
>   Count V: Negligent Operation or Maintenance of a Public Facility (against All Defendants).

Plaintiff DiLallo asserts the following claims:

>   Count VI: Fourth Amendment Violation (against Defendant Spangler);
>
>   Count VII: Retaliation in Violation of the First Amendment (against Defendants Aldaz, C. Vigil, Gonzales, and Martinez);

3

>Count VIII: Fourteenth Amendment Due Process Violations (against Defendants Aldaz, C. Vigil, Gonzales, Martinez, Gay, and Tafoya Lucero);
>
>Count IX: Civil Rights violations – Cruel and Unusual Punishment (against Defendant Spangler); and
>
>Count X: Negligent Operation or Maintenance of a Public Facility (against All Defendants).

## LEGAL STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "accept[s] as true all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (citation and internal quotation omitted). "To survive [dismissal,] a complaint must contain enough facts to state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Although summary judgment provides the typical vehicle for asserting a qualified immunity defense, [the Court] will also review this defense on a motion to dismiss." *Peterson v. Jensen,* 371 F.3d 1199, 1201 (10th Cir.2004). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (citing *Lone Star Indus., Inc. v. Horman Family Trust,* 960 F.2d 917, 920 (10th Cir.1992) ("A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted.") (internal quotation marks omitted)).

"At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (brackets and internal quotation marks omitted). The Court considers "(1) whether

4

the facts that a plaintiff has alleged make out a violation of constitutional right, and (2) whether the right at issue was clearly established." *Keith*, 707 F.3d at 1188 (internal quotation marks omitted).  A plaintiff need "only allege enough factual matter" to state a claim that is "plausible on its face and provide fair notice to a defendant." *Id.* (internal quotation marks omitted), *quoted in Sayed v. Virginia*, 744 F. App'x 542, 545–46 (10th Cir. 2018).

## DISCUSSION

Defendants, aside from Defendant Spangler, move to dismiss all claims against them in this case, asserting that (1) Plaintiffs failed to state a claim and (2) Defendants have qualified immunity because Plaintiffs failed to state a constitutional violation.

Neither party addressed whether *Heck* applies to this case, therefore the Court assumes in this ruling that *Heck* does not apply.

**I.      First Amendment Retaliation claims (Counts II, VII).**

Plaintiffs allege that Defendants Aldaz, Baca, C. Vigil, Gonzales, Martinez, and Tafoya Lucero[3] retaliated against them for exercising their First Amendment right to file grievances.  For the reasons stated below, the Court finds that Plaintiff Riley plausibly states a First Amendment Retaliation claim under Count II against Defendants Aldaz, Baca, Gonzales, Martinez and Tafoya Lucero.  Plaintiff DiLallo states a plausible First Amendment Retaliation claim against Defendants Aldaz, C. Vigil, and Gonzales.  Defendant C. Vigil is dismissed from Count II, while Defendant Martinez is dismissed from Count VII.

**A.      Plaintiffs state First Amendment retaliation claims.**

---

[3] Plaintiff Riley asserts her First amendment retaliation claims under Count II against Defendants Aldaz, Baca, C. Vigil, Gonzales, Martinez, and Tafoya Lucero, while Plaintiff DiLallo asserts her First Amendment Retaliation claims under Count VII against Defendants Aldaz, C. Vigil, Gonzales, and Martinez.

It is well-settled that prison officials may not retaliate against prisoners for filing administrative grievances. *Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017) (citing *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Banks v. Katzenmeyer*, 645 Fed. Appx. 770, 772 (10th Cir. 2016).

This stems from the principle that "prison officials may not retaliate against or harass an inmate because of the inmate's exercise of [her] constitutional rights." *Peterson v. Shanks,* 149 F.3d 1140, 1144 (10th Cir.1998) (internal quotation marks omitted). Specifically, a prison official who retaliates against an inmate for filing a grievance may violate that prisoner's First Amendment rights. *Williams v. Meese,* 926 F.2d 994, 998 (10th Cir.1991). In order to state a First Amendment retaliation claim, each plaintiff had to allege:

> (1) that she was engaged in constitutionally protected activity; (2) that the defendant's actions caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to her exercise of constitutionally protected conduct.

*Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir.2007), *quoted in Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016).

It is clear that Plaintiffs engaged in constitutionally protected activity by filing prison grievances.  Moreover, it is clear that defendants' actions, instituting or affirming grievance proceedings and punishing the plaintiffs, including revoking good time credits, would chill a person of ordinary firmness from continuing to engage in protected speech.

Defendants primarily dispute the third prong.  "To satisfy the third prong of the First Amendment retaliation test, an inmate must allege specific facts showing that but for the retaliatory motive, the incidents to which [she] refers ... would not have taken place." *Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016), *citing Peterson,* 149 F.3d at 1144 (internal quotation marks omitted).

6

The Tenth Circuit has found the "but for" requirement satisfied "where the inmate's complaint alleged that the defendants were aware of his protected activity, that the inmate complained of their actions, and the retaliatory action was in close temporal proximity to the protected activity." *Banks v. Katzenmeyer*, 645 F. App'x 770, 772 (10th Cir. 2016), *citing Gee,* 627 F.3d at 1189.

The Tenth Circuit has previously determined that a plaintiff could prove retaliatory motive in the filing of disciplinary charges through circumstantial evidence such as the suspicious timing of the discipline suffered, the lack of due process during those proceedings, the denial of a right to call witnesses at the disciplinary proceeding, the sizeable number of good time credits that were taken despite a prior good record, coincidental transfers of witnesses, and interference with access to legal materials. *Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990).

The PREA regulations dictate that "[t]he agency may discipline an inmate for filing a grievance related to alleged sexual abuse only where the agency *demonstrates* that the inmate filed the grievance in bad faith," and that "[f]or the purposes of disciplinary action, a report of sexual abuse made in good faith based upon a reasonable belief that the alleged conduct occurred shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation." 28 C.F.R. § 115.52(g)(emphasis added), 115.78(f).

Initially, the Court notes that the Defendants' disciplinary charges allege that Plaintiffs filed false grievances in bad faith, when the Plaintiffs plausibly allege that the grievances were legitimate and in good faith. This creates a fairly direct inference that the disciplinary action was substantially motivated by retaliation.

Plaintiffs have pled plausible allegations that they filed their administrative grievances in good faith upon reasonable belief that the alleged conduct occurred. Plaintiffs also allege improprieties in the disciplinary proceedings which, if taken as true, create the inference that the disciplinary proceedings were aimed to punish or retaliate against the Plaintiffs because they filed grievances.  This includes the timing of the discipline, the lack of due process during the proceedings, the lack of a written summary of evidence, the denial of the right to call witnesses, and the fact that they received the maximum punishment available.

Plaintiffs plausibly alleged that Defendants knew they could not legitimately pursue discipline under PREA.  This is a specific factual allegation that plausibly shows that retaliatory motive was behind the discipline.

Plaintiffs also allege that Defendants rejected their grievance reports without making any individualized assessment into whether Defendant Spangler committed the alleged acts against them.  Despite not making any individualized assessment, Defendants concluded that the allegations were false.

### B. Plaintiffs state a First Amendment retaliation claim against several individual Defendants, but not all.

Defendants argue that Plaintiffs have failed to show that the individual defendants were each personally involved in the alleged First Amendment violation.  The Court disagrees in part and concludes that Plaintiffs have plausibly alleged that most of the individual Defendants were personally involved in the alleged First Amendment violation.

Plaintiffs must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Pahls v. Thomas*, 718 F.3d 1210, 1231–32 (10th Cir. 2013).  In a § 1983 action, it is

8

particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original). Therefore, rather than grouping the actions of the Defendants together, Plaintiffs must establish that *each* defendant caused the alleged constitutional violation as to each plaintiff. *Pahls v. Thomas*, 718 F.3d 1210, 1231–32 (10th Cir. 2013).

Plaintiffs plausibly alleged that the following individual Defendants violated their First Amendment rights under Counts II and VII.

Both Plaintiffs allege that Defendant Aldaz charged them with false reporting, without inquiring into her state of mind or making a finding of bad faith as required under PREA. **Doc. 1-1 at ¶¶ 45, 67, 155, 162, 169.** Although Defendant Aldaz was responsible for PREA compliance, he allegedly violated federal regulations or law by charging Plaintiffs with a major misconduct report based on a report that only found "insufficient evidence" of a PREA violation, and he did not make a direct finding of bad faith.

Plaintiff Riley alleges that Defendant Baca was not an impartial adjudicator because he investigated Plaintiff's disciplinary charge and also conducted the hearing. Plaintiffs appear to allege that each defendant knew that they could not properly bring or sustain disciplinary charges against Plaintiffs under PREA, as explained above. Defendant Baca allegedly prevented Plaintiff Riley from calling witnesses, refused to show her a summary of the evidence being used against her, and omitted her testimony regarding the reason for filing the grievance at issue in his summary of the hearing. **Doc. 1-1 at ¶¶ 64, 65, 66, 78-87, 155, 164, 166.** The fact that Defendant Baca did not afford Plaintiff Riley due process is evidence that he acted with a retaliatory motive. *Maschner*, 899 F.2d at 947.

Plaintiff Riley alleges that Defendant Gonzales threatened her and coerced her into waiving her right to a hearing and pleading guilty to the charge, and that Defendant Gonzales refused to show Plaintiff Riley a written summary of the evidence against her.  Plaintiff Riley has plausibly alleged that Defendant Gonzales' motive was to chill future grievances.  Plaintiff DiLallo alleges that Defendant Gonzales held a hearing *in absentia* and found Plaintiff guilty based on a report that did not come to a specific conclusion about her individually.  **Doc. 1-1 at 131-32, 222, 228, 232, 234.**  In other words, she alleges Defendant Gonzales found her guilty without any evidence against her. Both Plaintiffs state a First Amendment Retaliation claim against Defendant Gonzales.

Plaintiff DiLallo alleges that Defendant C. Vigil investigated the charge against her, coerced her into waiving her right to a hearing and right to call witnesses, and did not submit her appeal of the disciplinary decision.  As above, Plaintiff alleges that Defendant C. Vigil knew that she could not bring disciplinary charges under PREA.  Therefore, Plaintiff DiLallo states a plausible claim against Defendant C. Vigil.

Plaintiff Riley alleges that Defendants Martinez and Tafoya Lucero reviewed her appeal and upheld the retaliatory discipline and sanctions against her.  Plaintiff Riley alleges that they knew her grievance was filed in good faith and therefore the disciplinary charges were not legitimate and violated PREA.  Defendants Martinez and Tafoya Lucero allegedly affirmed a disciplinary process which violated Plaintiff's due process rights.  This is sufficient to allege that Defendants Martinez and Tafoya were personally involved in violating Plaintiff Riley's First Amendment rights.

Defendants Martinez and Tafoya Lucero were supervisors. However, Plaintiff Riley does not merely allege that the supervisors knew of the conduct, but alleges that they actively participated in the retaliatory actions.  She alleges that Defendants Montoya and Tafoya Lucero

(1) knew that Plaintiff Riley could not face disciplinary charges for her good faith grievances which alleged sexual abuse and (2) knew about the due process violations in disciplinary proceedings. The supervisory Defendants, Martinez and Tafoya Lucero, nevertheless ruled against Plaintiff Riley or denied her appeals.

Therefore, Plaintiff Riley plausibly alleged that Defendants Martinez and Tafoya Lucero were personally involved in the unconstitutional discipline and took actions which they knew violated Plaintiffs' constitutional rights. Plaintiffs alternatively plausibly pled that supervisors "know of the violation and acquiesced to its continuance." *Hicks*, 2020 WL 7699963 at 11; *Dodds*, 614 F.3d at 1196.

Plaintiff Riley agreed to drop Defendant Vigil from Count II, while Plaintiff DiLallo agreed to drop Defendant Martinez from Count VII. Plaintiffs state First Amendment retaliation claims against the remaining Defendants named under Counts II and VII.

## II. **Plaintiffs plausibly alleged violations of their Fourteenth Amendment rights (Counts III and VIII).**

Plaintiffs allege that Defendants Aldaz, Gonzales, Baca, C. Vigil, Martinez, and Tafoya Lucero violated their Due Process rights under the Fourteenth Amendment in the deprivation of their good time credits.

Initially, the Court notes that neither party addressed whether the *Heck* doctrine applies here. Therefore, the Court will assume that *Heck* does not apply.

Inmates may not be deprived of their liberty interest in good time credits without due process of law. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996). To comport with due process, inmates must receive:

11

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [their] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Id.* at 1445. The third requirement is critical "because without written records, the inmate will be at a severe disadvantage in propounding [her] own cause to or defending himself from others." *Staples v. Maye,* 711 F. App'x 866, 868 (10th Cir. 2017). Additionally, "[a]n impartial decisionmaker is a fundamental requirement of due process that is fully applicable in the prison context." *Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir. 2004).

Plaintiffs alleged that they had their good time revoked without due process because they were not allowed to call witnesses, did not receive a written statement of the evidence relied on, and were not provided the OPS report. Plaintiffs also allege that the decision maker was not impartial. Plaintiffs alleged that the OPS report merely found that there was insufficient evidence that Defendant Spangler violated PREA, which is not sufficient to show that Plaintiffs filed the grievance in bad faith. As noted above, Plaintiffs also plausibly alleged that retaliation for filing grievances was a substantial motivating factor in the disciplinary charges.

Defendants argue that Plaintiffs failed to allege each individual defendants' personal involvement in violating their due process rights. The Court disagrees in part and finds that Plaintiffs have plausibly alleged that the individual defendants participated in the violation of their Fourteenth Amendment Due Process rights.

The Court agrees that Defendant Aldaz should be dismissed under Counts III and VIII. Plaintiffs do not allege that Defendant Aldaz violated their due process rights by (1) failing to give advance written notice of the disciplinary charges; (2) failing to give an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [their] defense; and (3) failing to give a written statement by the

factfinder of the evidence relied on and the reasons for the disciplinary action. *See* **doc. 59 at 17.** They also do not allege that Defendant Aldaz committed any other due process violations.

However, Plaintiff Riley clearly states a due process claim against Defendant Baca. She alleges that Defendant Baca was not a neutral hearing officer, as he had been her unit manager when she submitted her PREA grievances, he did not allow her to call witnesses despite the fact that doing so would not have been unduly hazardous, he misrepresented this fact in his report, he did not provide her with a summary of the evidence against her, and he would not answer her questions about the evidence. She also alleges that Defendant Baca omitted testimony from the Plaintiff in his summary. Taken as true, these allegations state a plausible due process claim under the Fourteenth Amendment.

Plaintiffs also state a claim as to Defendant Gonzales. Plaintiff Riley alleges that Defendant Gonzales threatened her in an attempt to coerce her into foregoing a hearing, denied her right to see the evidence against her, and found her guilty despite due process violations. Plaintiff DiLallo alleges that Defendant Gonzales found her guilty without ever showing her a written summary of the evidence against her or produced at the hearing, which was held *in absentia.* Defendant Gonzales was thus personally involved in violating Plaintiffs' due process rights.

Plaintiff DiLallo alleges that Defendant C. Vigil coerced her into waiving her right to a hearing and to call witnesses and failed to submit her appeal of the disciplinary decision. Thus, Defendant C. Vigil was personally involved in the deprivation of Plaintiff DiLallo's rights.

Plaintiff Riley has alleged that Defendants Martinez and Tafoya Lucero knew that the disciplinary process had lacked due process but affirmed the discipline anyway. Defendants argue that Plaintiff failed to allege this in her complaint, but the Court finds this to be a reasonable inference in reading the complaint as a whole. The alleged due process violations would likely

have been clear in the record.  Defendants thus knew of the constitutional violation and acquiesced or participated in its continuation.  *Hicks,* 2020 WL 7699963, at *11 (*citing Dodds*, 614 .3d at 1195-96).

Plaintiff DiLallo agrees to drop Defendants Martinez and Tafoya Lucero from Count VIII of the complaint.  Both Plaintiffs also agree to dismiss Defendant Gay from the case.

Therefore, the Court concludes that Plaintiff Riley states a due process claim under Count III against Defendants Gonzales, Baca, Martinez, and Tafoya-Lucero, but does not state a claim against Defendants Aldaz and Gay.  Plaintiff DiLallo states a claim under Count VIII against Defendants C. Vigil and Gonzales, but not against Defendants Aldaz, Martinez, Gay, and Tafoya Lucero.

### III.     **Defendants only nominally raised qualified immunity and did not raise the second prong of qualified immunity.**

Defendants also assert that the claims should be dismissed based on qualified immunity. The Court declines to do so because qualified immunity was not adequately raised in the Motion **(Doc. 54)**.

Once "a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to that immunity." *Douglas v. Dobbs*, 419 F.3d 1097, 1100 (10th Cir. 2005).  However, the Court need only address qualified immunity arguments that are adequately raised or adequately developed. *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021), *citing Tillmon v. Douglas Cty.*, 817 F. App'x 586, 589-90 (10th Cir. 2020) (declining to reach qualified immunity when defendants' "argument consisted of a single paragraph briefly discussing the law of qualified immunity"); *Tele-Commc'ns, Inc. v. Comm'r*, 104

F.3d 1229, 1233-34 (10th Cir. 1997) (finding an argument underdeveloped when "[o]nly the final three sentences in [the relevant] paragraph ma[d]e any argument whatsoever").

The Court looks to Defendants' motion to determine whether they adequately raised qualified immunity.  *See* **Doc. 54.**  Defendants argued that Plaintiffs failed to state a claim because no constitutional violation occurred.  Defendants nominally raised qualified immunity and recited the qualified immunity standard.  However, when looking at the substance of Defendants' arguments, they solely focus on whether a constitutional violation occurred and whether the Plaintiffs stated a claim.  The heart of qualified immunity is the clearly established prong, which was unaddressed in substantive argument.

The Tenth Circuit has previously found that a defendant's argument focusing on whether a constitutional violation occurred does not raise a qualified immunity defense.  *Tillmon v. Douglas Cty.*, No. 19-1134, 2020 WL 3069448, at *2–3 (10th Cir. June 10, 2020); *see A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575–76 (10th Cir. 2021) (one sentence argument regarding clearly established law not sufficient to raise qualified immunity); *See also Halik v. Darbyshire*, No. 20-CV-01643-PAB-KMT, 2021 WL 4305011, at *4–5 (D. Colo. Sept. 22, 2021) (analyzing *Tillmon* and concluding that reciting qualified immunity standard does not adequately raise qualified immunity); *Montoya v. Vigil*, 898 F.3d 1056, 1064–65 (10th Cir. 2018) (argument that plaintiff failed to state a claim for a constitutional violation does not sufficiently raise qualified immunity).

Therefore, the Court exercises its discretion and declines to address Defendants' inadequately raised qualified immunity argument in this opinion.  Of course, Defendants may raise qualified immunity in other motions.

IV.     **Plaintiffs agree to dismiss following claims.**

In their response, Plaintiffs agreed to dismiss the claims under the New Mexico Tort Claims Act, as well as all claims against Defendants Vincent Vigil and John Gay.  The only claims against the state entity Defendants have therefore been dismissed.  The Court will therefore dismiss these claims and parties.

## CONCLUSION

Plaintiffs stated plausible claims to the following counts and defendants:

- Count II: Retaliation in Violation of the First Amendment (against Defendants Aldaz, Baca, Gonzales, Martinez, and Tafoya Lucero);

- Count III: Fourteenth Amendment Due Process violation (against Defendants Gonzales, Baca, Martinez, and Tafoya Lucero);

- Count VII: Retaliation in Violation of the First Amendment (against Defendants Aldaz, C. Vigil, and Gonzales); and

- Count VIII: Fourteenth Amendment Due Process Violations (against Defendants C. Vigil and Gonzales).

The following claims or parties are dismissed:

- Count II: Retaliation in Violation of the First Amendment (against Defendant C. Vigil);

- Count III: Fourteenth Amendment Due Process violation (against Defendants Aldaz and Gay);

- Count V: Negligent Operation or Maintenance of a Public Facility (against All Defendants);

- Count VII: Retaliation in Violation of the First Amendment (against Defendant Martinez);

- Count VIII: Fourteenth Amendment Due Process Violations (against Defendants Aldaz, Martinez, Gay, and Tafoya Lucero);

- Count X: Negligent Operation or Maintenance of a Public Facility (against All Defendants);

- All claims against Defendants Vincent Vigil and John Gay; and

- All claims against the state entity Defendants (State of New Mexico, New Mexico Corrections Department, and Western New Mexico Correctional Facility).

This opinion does not address Counts I, IV, VI, and IX filed solely against Defendant Spangler.  Moreover, as explained above, the Court **DECLINES** to address qualified immunity as it was not adequately raised.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss **(Doc. 54)** is **GRANTED IN PART** and **DENIED IN PART** as described above.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**