# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

————————————

SNOOKY RILEY, and
JENNIFER DILALLO,

       Plaintiffs,

vs.                                                              No. 1:20-cv-00983-KWR-SCY

MARY SPANGLER, *et al.*,

       Defendants.

## <u>ORDER GRANTING MOTION TO AMEND ANSWER</u>

**THIS MATTER** is before the Court upon the Defendant Mary Spangler's Motion to Amend Answer (**Doc. 72**).  Having considered the arguments of counsel, the Court finds that Defendant Spangler's motion to amend is **WELL-TAKEN** and therefore is **GRANTED**.

Plaintiffs are imprisoned at the Western New Mexico Correctional Facility. They allege that Defendant Spangler subjected them to illegal strip and body cavity searches in violation of the Fourth Amendment.  Plaintiffs filed informal grievances with the Defendants regarding the strip searches more than five days after the incidents occurred. Defendants allegedly denied the grievances.  Defendants instead pursued disciplinary proceedings against Plaintiffs for filing false grievances in bad faith.  Plaintiffs were disciplined and suffered adverse consequences, including lost good time credits.

Plaintiffs allege that Defendants retaliated against them for reporting the alleged illegal strip searches by filing or pursuing disciplinary charges, in violation of their First Amendment, Fourteenth Amendment, and state law rights.

Defendant Spangler seeks to amend her answer to add the affirmative defense of failure to exhaust administrative remedies.  She asserts that Plaintiffs failed to file their informal grievances within five days of the strip searches and therefore failed to timely exhaust their administrative remedies.

Initially, the Court finds that Defendant Spangler's motion to amend her answer is timely because it was filed within the deadline set by the Court.  **Doc. 67 at 1** (amended scheduling order providing that defendant's amendment to pleadings due February 11, 2022).  Plaintiff does not appear to dispute that the motion to amend was timely under the Court's scheduling order.

Rather, Plaintiff asserts that the Court should deny the motion to amend because the amendment is futile and it is clearly apparent that her affirmative defense fails.

Rule 15(a)(2) provides that leave to amend "should be freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). Refusing amendment is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff asserts that the Court should also apply the following standard in considering whether to strike Defendant's affirmative defense as an "insufficient defense" under Fed. R. Civ. P. 12(f).  *See* **Doc. 79 at 3.**  "To warrant striking a defense, its insufficiency must be 'clearly apparent' and 'no factual issues exist that should be determined in a hearing on the merits." *Kramer v. Textron Aviation, Inc.,* 2022 WL 218750, at *11-12 (D.Kan. 2022), *citing Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

Based on the briefing by the parties, the Court cannot find that amendment would be futile, or that striking the affirmative defense would be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits."

Defendant Spangler asserts that both Plaintiffs failed to file informal grievances within five days as required under New Mexico Corrections Department policy and therefore failed to exhaust their administrative remedies.  Plaintiffs assert that they timely exhausted because there is no time limit for filing a grievance under the Prison Rape Elimination Act ("PREA").

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust the available administrative remedies before filing suit alleging that prison conditions violated his federally protected rights." *Thompson v. Coulter*, 680 F. App'x 707, 710–11 (10th Cir. 2017).  "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Exhaustion pursuant to § 1997e(a) requires "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Plaintiff asserts that under PREA there is no time limit on when an inmate may submit a grievance alleging sexual abuse.  28 C.F. R. § 115.52(b)(1) ("the agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse."). "PREA generally left intact the PLRA's exhaustion requirement, 42 U.S.C. § 1997e(a), but regulations promulgated pursuant to PREA modified one aspect of exhaustion. On June 20, 2012,

the Department of Justice issued a final rule mandating that an agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." *Does 8-10 v. Snyder*, 945 F.3d 951, 956 (6th Cir. 2019) (internal quotation marks omitted). "Thus, an inmate's *failure to exhaust* can no longer result from an untimely grievance if that grievance involved an allegation of sexual abuse." *Does 8-10 v. Snyder*, 945 F.3d 951, 956 (6th Cir. 2019).

Although the regulations implementing PREA state that there is no time limit regarding an "allegation of sexual abuse", they also define sexual abuse to omit certain acts pursuant to an employee's official duties. 28 C.F. R. § 115.52(b)(1) ("the agency shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse."); *Id.* § 115.6 (defining sexual harassment as including "[v]oyeurism by a staff member, contractor, or volunteer means an invasion of privacy of an inmate, detainee, or resident by staff for reasons unrelated to official duties."). New Mexico Corrections Department policy requires that an inmate must make a grievance within five days. However, NMCD policy also states there is no time limit for filing a grievance alleging sexual abuse. **Doc. 79-2 at 3.**

In short, the Court cannot resolve this factual issue and therefore cannot find that the motion to amend would be futile. It is not clearly apparent that Defendant's affirmative defense fails and factual issues exist which should be addressed based on the evidence. *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2022 WL 218750, at *6 (D. Kan. Jan. 25, 2022), *citing Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009) ("motions to strike will not be granted unless the insufficiency of the defense is clearly apparent and no factual issues exist that should be determined in a hearing on the merits."). Whether the strip search constitutes sexual abuse under PREA may involve a factual issue, and there is currently no evidence before the Court. For example, copies the specific grievances filed by the Plaintiffs are not currently before the Court in

4

this briefing.  Plaintiff cites to no law stating that a strip search performed according to official duties is, as a matter of law, sexual abuse which falls under PREA.

      **IT IS THEREFORE ORDERED** that Defendant Spangler's Motion to Amend Answer (**Doc. 72**) is **GRANTED** as described above.

      **IT IS SO ORDERED.**

                                _____
                                **KEA W. RIGGS**
                                **UNITED STATES DISTRICT JUDGE**